**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>    Plaintiff,<br><br>    v.<br><br>M. POMPA, et al.,<br><br>    Defendants. | No. 2:22-CV-0023-WBS-DMC-P<br><br><br>ORDER |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1, which is written in Spanish.

       It is entirely possible that Plaintiff states viable claims. But the Court cannot accept submissions in a language other than English. United States v. Rivera-Rosario, 300 F.3d 1, 5 (1st Cir. 2002) ("It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English."). Sister courts in the Eastern District have reached the same conclusion. Rodriguez v. Ruiz, No. 2:20-cv-1525-JPD P, 2020 WL 5995097, at *1 (E.D. Cal.

///

///

///

///

Oct. 9, 2020).[1] Courts sitting in other districts have also recognized that submissions in federal court must be in English. Arteaga v. Cinram-Technicolor, No. 3:19-cv-00349, 2020 WL 1905176, at *1 (M.D. Tenn. Apr. 17, 2020); Kim v. Chung Sook Lee, No. 18-CV-12230 (CM), 2019 WL 4688692, at *2 (S.D. N.Y. Sept. 24, 2019); Ramirez-Solorio v. United States, No. 1:15-CV-3769-AT-JFK, 2017 WL 2350209, at *1 & n.1 (N.D. Ga. May 31, 2017). Moreover, courts in this district have rejected (or recognized that they are unable to consider) submissions that would require translation from a language other than English. Rodriguez, 2020 WL 5995097, at *1; see Ruiz v. Ehlers, No. 2:21-cv-00146-JAM-JDP (PC), 2021 WL 2313385, at *1 n.1 (E.D. Cal. May 5, 2021); Ruiz v. Mobert, No.: 1:17-cv-00709-BAM (PC), 2017 WL 6886093, *1 (E.D. Cal. July 5, 2017) ("As Plaintiff has been previously informed, the Court cannot provide Plaintiff with translated documents, nor will it translate his documents from Spanish into English.").

Because it is possible Plaintiff states cognizable claims, the Court will dismiss the original complaint and grant Plaintiff leave to file a first amended complaint in English. Or, if not a submission that is itself in English, at least a complaint accompanied by an English translation.[2] Plaintiff is cautioned that failure to comply with this order may result in dismissal of the entire action. See Local Rule 110.

///

///

///

---

[1] It appears that Plaintiff himself has filed submissions in Spanish in other cases in this district, only to be warned that submissions must be in English. For example, in Rodriguez v. Ruiz, No. 2:20-cv-1525-JPD P, 2020 WL 5995097, at *1 (E.D. Cal. Oct. 9, 2020), the United States Magistrate Judge in that case dismissed Plaintiff's complaint with leave to amend and informed Plaintiff that the Court would not accept submissions in Spanish. Id. at *1. The Court reviewed the docket in that case. Plaintiff's name and prisoner identification number are the same as in this case. Compare ECF No. 1 at 1, with Compl. at 1, Rodriguez v. Ruiz, No. 2:20-cv-1525-JPD P (E.D. Cal. 2020).

[2] Other courts have recognized the possibility of amendment or permissibility of submissions with an English translation if the court's local rules do not expressly mandate filings be in English. See Kim, 2019 WL 4688692, at *2; see also Court of Common Pleas v. Kelly, 417 F. App'x 126, 127–28 (3d Cir. 2011) (indicating that where a district court's local rules do not prohibit filing in a foreign language, the court should request a translation and, if appropriate, grant leave to amend); see also Ramirez-Solorio, 2017 WL 2350209, at *1 n.1.

2

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint in English or accompanied by an English translation within 30 days of the date of this order.

Dated:  February 16, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE