1
2
3
4
5
6
7
8                  **IN THE UNITED STATES DISTRICT COURT**
9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

11  ROGELIO MAY RUIZ,                         No.  2:22-CV-0023-WBS-DMC-P

12              Plaintiff,

13      v.                                     ORDER

14  M. POMPA, et al.,

15              Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brought this civil rights action pursuant to

18  42 U.S.C. § 1983.  Judgment has been entered. Pending before the court in this closed case is

19  plaintiff's motion for appointment of counsel, an interpreter, and to reopen the case.  (Docket No.

20  27.)  The court construes this motion as seeking, among other things, reconsideration of the final

21  judgment entered in this case.

22              The court may grant reconsideration under Federal Rules of Civil Procedure

23  59(e) and 60.  Generally, a motion for reconsideration of a final judgment is appropriately

24  brought under Federal Rule of Civil Procedure 59(e).  See Backlund v. Barnhart, 778 F.2d

25  1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also

26  Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995).  The motion must be filed no

27

28

1

later than twenty-eight (28) days after entry of the judgment.[1]  See Fed. R. Civ. P. 59(e).

Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2]  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes.  Relief under this rule can be granted on the Court's own motion and at any time.  See Fed. R. Civ. P. 60(a).  However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending.  See id.

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  See Fed. R. Civ. P. 60(b)(1)-(3).  A motion for reconsideration on any of these grounds must be brought within one year of entry of judgment or the order being challenged.  See Fed. R. Civ. P. 60(c)(1).  Under Rule 60(b), the court may also grant reconsideration if: (1) the judgment is void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any

---

[1]     Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 28-day period from the date the motion was delivered to prison authorities for mailing to the court.  Otherwise, the 28-day period is calculated based on the date the motion for reconsideration is actually filed.

[2]     If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2).  A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

1    other reason that justifies relief.  See Fed. R. Civ. P. 60(b)(4)-(6).  A motion for reconsideration

2    on any of these grounds must be brought "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).

3            Here, plaintiff does not specify any particular provision discussed above as a basis

4    for his motion to reopen this case, and the court finds no basis reflected by the record to do so.

5    Accordingly, the court will deny the motion.  In doing so, the court notes that plaintiff has been

6    warned multiple times in this case that he must file documents in English or provide the court

7    with a translation if he does file documents in a language other than English.   (See, e.g., Docket

8    Nos. 13, 14, 16).  Plaintiff has also been warned in multiple other cases that he must file

9    documents in English or provide the court with a translation.  See, e.g., Ruiz v. Ehlers, Case No.

10   2:21-cv-146 JAM JDP, 2021 WL 2313385, at *1 n.1 (E.D. Cal. May 5, 2021); Ruiz v. Woodfill,

11   No. 2:19-cv-2118 MCE KJN, 2021 WL 1060141, at *1-2 (Mar. 18, 2021); Ruiz v. Arakaki, No.

12   1:17-cv-1404 AWI SAB (E.D. Cal.), Oct. 20, 2017 Order (Docket No. 24 at 2).  His difficulty

13   speaking English does not exempt him from this requirement and does not constitute exceptional

14   circumstances warranting appointment of counsel.  See, e.g., Woodfill, 2021 WL 2313385, at *1

15   (noting, among other things, that there is no statute authorizing the expenditure of public funds

16   for a court-appointed interpreter in a civil action, including the in forma pauperis statute, and

17   denying request for appointment of counsel).[3]

18           Accordingly, IT IS HEREBY ORDERED as follows:

19           1.      Plaintiff's motion (Docket No. 27) is DENIED.

20           2.      No further filings will be accepted in this closed case.

21   Dated:  September 15, 2023

22                                                       WILLIAM B. SHUBB
                                                         UNITED STATES DISTRICT JUDGE

23

24

25

26           [3]       The court also notes that in Woodfill, 2021 WL 2313385, at *2, Magistrate Judge
     Newman observed that "the record reflects that plaintiff has sufficient proficiency with the
27   English language to prepare an original complaint, and to pursue his claims in this action," based
     on plaintiff's prior court filings in that and other cases and exhibits showing he communicated
28   with and had the ability to communicate in English with prison staff and health care providers.